UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELIZABETH S. DiPIETRO,           )
                                 )
    *Plaintiff*                 )
                                 )
v.                               )      No. 2:14-cv-203-JHR
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social Security, )
                                 )
    *Defendant*                 )

### MEMORANDUM DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal[2] contends that the administrative law judge committed reversible error when she failed to find that the plaintiff's impairments met or medically equaled the criteria of Listings 12.02 and/or 12.06, failed to discuss a physician's opinion in that regard, failed to give appropriate weight to the opinions of two treating sources, and assigned her a residual functional capacity ("RFC") that is not supported by substantial evidence. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc

---

[1] The parties have consented to have me preside over this case, including the entry of judgment. ECF No. 15.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 11, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

disease in the lumbar spine, a seizure disorder, post-traumatic stress disorder, and borderline intellectual functioning, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 22-23; that she retained the RFC to perform light work with a sit/stand-at-will option, but not work that required the ability to climb ladders, ropes, scaffolds, stairs, or ramps, to balance, stoop, kneel, crawl, or crouch more than occasionally, to be exposed to hazards in the workplace, to carry out other than simple, repetitive instructions, to interact with the general public, to interact more than occasionally with supervisors and coworkers, to make more than occasional decisions, or to adjust to more than occasional changes in the work setting, Finding 4, *id*. at 26; that the plaintiff had no past relevant work, Finding 5, *id*. at 34; that, given her age (39 on the date the application was filed), at least high school education, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id*. at 34; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time since the date the application was filed, September 29, 2011, Finding 10, *id*. at 35. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 416.1481, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

      The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's itemized statement also implicates Step 3 of the sequential review process. At Step 3, a claimant bears the burden of proving that her impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 416.920(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 416.925(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a).

I. **Discussion**

A. **Step 3 Issues**

The plaintiff first argues that the administrative law judge was required to find that her medically determinable impairments medically equaled the criteria of Listing 12.02[3] or Listing 12.06. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 11) at 2-6. Listing 12.06 is for anxiety related disorders.

---

[3] At oral argument, the plaintiff's attorney stated that the plaintiff was not pressing her appeal on Listing 12.02. I will, therefore, not consider it further.

The administrative law judge considered Listings 12.05 and 12.06.  Record at 23-25.  Of Listing 12.06, she said:

> The undersigned has also considered whether the "paragraph C" criteria of 12.06 are satisfied.  In this case, the evidence fails to establish the presence of the "paragraph C" criteria.  Listing level severity under "paragraph C" requires that the claimant be unable to function independently outside the area of the claimant's home or outside a highly supportive living arrangement or that even minimal increases in mental demands or change in the environment could be expected to cause decompensation.  The record supports a finding that the claimant is not so limited.  The claimant has not alleged and the medical record does not indicate that she is so limited.  She is a single parent caring for a young child with autism and a mother with schizophrenia and diabetes requiring the claimant to visit using public transportation.  Accordingly, "paragraph C" criteria are not met.

*Id.* at 25.

"Paragraph C" is a reference to the final, alternative part of Listing 12.06, which has three subparts, as follows:

> 12.06 *Anxiety Related Disorders:* In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
>
> A. Medically documented findings of at least one of the following:
> 1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
>    a. Motor tension; or
>    b. Autonomic hyperactivity; or
>    c. Apprehensive expectation; or
>    d. Vigilance and scanning;
>    OR
> 2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or

    3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average or at least once a week; or
    4. Recurrent obsessions or compulsions which are a source of marked distress; or
    5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;
    AND
  B. Resulting in at least two of the following:
  1. Marked restriction of activities of daily living; or
  2. Marked difficulties in maintaining social functioning; or
  3. Marked difficulties in maintaining concentration, persistence, or pace; or
  4. Repeated episodes of decompensation, each of extended duration.
    OR
  C. Resulting in compete inability to function independently outside the area of one's home.

Listing 12.06.

    The administrative law judge had already concluded, in her discussion of Listing 12.05, that the plaintiff had mild restriction in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation. Record at 24. Thus, she concluded that the criteria of paragraph B of Listing 12.06 were not met. Without meeting the criteria of either paragraph B or paragraph C of Listing 12.06, the plaintiff could not qualify for benefits by meeting all of the criteria of the listing.

    The plaintiff relies in this regard on the assessment of Bennett Slotnick, Ph.D., who "performed a comprehensive neuropsychological evaluation of the Plaintiff over a 4-day period." Itemized Statement at 3. She asserts that Dr. Slotnick's findings and opinions demonstrate that she "suffers from marked difficulties in maintaining concentration," and marked limitations in social functioning. *Id*. at 5. She concludes that Dr. Slotnick's opinions show that she "medically equals 12.06A(1) and (5)." *Id*. at 6.

    This argument apparently rests on an assertion that two of the criteria in paragraph B of the listing are met, as well as the requirements of paragraph A. However, as to subparagraph A(1),

the plaintiff cites no finding from Dr. Slotnick of any of the four specific signs or symptoms, let alone three of the four.    As to subparagraph A(5), the plaintiff cites Dr. Slotnick's finding of "elements of posttraumatic stress disorder," *id*. at 4, but cites no authority for her necessarily-implied contention that this finding is sufficient to demonstrate recurrent and intrusive recollections of a specific traumatic experience.  She cannot expect this court, or the administrative law judge, to draw such a conclusion by interpreting what can only be characterized as raw medical evidence.  To the extent that the plaintiff means to supply such evidence from the report of her counselor, *id*., the counselor is not an acceptable medical source, 20 C.F.R. § 416.913(a), and her opinions accordingly may not serve as medically documented findings.  *See, e.g., Thompson v. Colvin*, Civil Action No. 12-2555-JWL, 2013 WL 6804257, at *6 (D. Kan. Dec. 23, 2013); *Lane v. Commissioner of Soc. Sec.*, No. 1:12cv388, 2013 WL 5428739, at *14 (W.D. Mich. Sept. 26, 2013) (citing cases).

In *Stratton v. Astrue*, 987 F.Supp.2d 135 (D.N.H. 2012), the court was faced with a one-sentence discussion of the reasons why the administrative law judge found that the claimant did not meet the criteria of a specific listing that the claimant had raised at the hearing, and indicated that that discussion was insufficient.  *Id*. at 144.  However, it also "recognize[d] that the failure of the ALJ to make specific findings as to whether a claimant's impairment meets the requirements of a listed impairment is an insufficient reason solely for setting aside an administrative finding." *Id*. at 145.  It remanded, in that case, based on the lack of discussion regarding how the plaintiff's medical evidence differed from that considered in the applicable listing.  *Id*. at 146.  As I have already noted, that is not the case presented here.

The plaintiff also faults the administrative law judge for failing to discuss Dr. Slotnick's evaluation "in her Listing discussion."  Itemized Statement at 7-8.  However, the administrative

law judge's opinion includes more than a single-spaced page of discussion of Dr. Slotnick's evaluation. Record at 30-31. The administrative law judge then presented her analysis of that evaluation, as follows:

> Dr. Slotnick opined that the claimant would not be able to maintain full time employment "at this juncture" (Exhibit C6F). However, he provided no basis for his opinion. His report and those of other medical practitioners of record provide[] no support for such an opinion. His report provides no other indication that she could not work full time at a suitable job performing simple tasks with only simple and routine changes in the work setting. He noted that, despite her psychological impairments, she was able to raise her three children (including two with their own impairments) with love, involvement, and concern; obtain a general educational diploma; extricate herself from abusive relationships; and achieve considerable benefit from treatment with her counselor. She also reported that her youngest child in her care has autism and she takes care of her mother who has psychological and physical impairments. All of these activities and achievement demonstrate considerable resilience and persistence. They support a finding that she is able to maintain a full and regular work schedule of eight hours per day/40 hours per week or an equivalent schedule on a sustained basis if work duties are within her residual functional capacity. His report and those of Ms. Hester indicate that the claimant's primary stressors involved intimate relationships with men. His global assessment of almost mild to moderate symptoms and/or functional limitations is inconsistent with his opinion that the claimant could not work full time in any capacity (exhibit C6F). Moreover, there is no indication that Dr. Slotnick is a vocational expert and his opinion of employability is an opinion on a matter reserved for the Commissioner. Thus, the undersigned gives little weight to his opinion that the claimant cannot work in a full time capacity.

*Id*. at 32-33. Remand for the placement of this paragraph in the earlier section of the administrative law judge's opinion would be an empty exercise. *See Pidkaminy v. Astrue*, 919 F.Supp.2d 237, 250 (N.D.N.Y. 2013).

The plaintiff is not entitled to remand on the basis of her challenges to the administrative law judge's decision at Step 3.[4]

---

[4] The defendant devotes two paragraphs to an argument that the administrative law judge did not err in failing to find that the plaintiff met the criteria of Listing 12.05. Opposition at 9-10. The plaintiff does not include a claim that the administrative law judge so erred in her specification of issues, presented in boldface, Itemized Statement at 2, 7, 8,

### B. Weight Given to Treating Source Opinions

The plaintiff next argues that the administrative law judge committed reversible error by failing to give "greatest or substantial weight" to the opinions of Dr. Slotnick and Ms. Hester. Itemized Statement at 8-17. She contends that this treatment was required because Dr. Slotnick "is the expert who performed the most detailed evaluation in the Record . . . of the Plaintiff's emotional and cognitive impairments and resulting limitations on her functional capacity[,]" *id*. at 11-12. She does not provide any reason why Ms. Hester's opinions should be given such weight, other than an observation that her opinions "supported" and "are not inconsistent with" those of Dr. Slotnick. *Id*. at 12, 16. This is not sufficient to raise an issue for review by this court of the administrative law judge's treatment of Ms. Hester's opinions, *LaFlamme*, 2015 WL 519422 at *7, and I will not discuss that issue further.

The plaintiff characterizes the administrative law judge's review of Dr. Slotnick's observations of her behavior and manner during his evaluation as "irrelevant." Itemized Statement at 12. To the contrary, the very fact that Dr. Slotnick recorded his observations suggests that he did not find them irrelevant to his analysis, which would render them relevant to the administrative law judge's review. In addition, such observations may provide evidence of a claimant's ability to perform basic work-related activities, *e.g., Wolfe v. Commissioner of Soc. Sec.,* 272 Fed. Appx. 21, 23, 2008 WL 895685, at **1 (2d Cir. Apr. 1, 2008) (adequate eye contact, clear and coherent speech relevant to ability to perform work-related activities); *Clark v. Bowen*, 864 F.2d 66, 67 (8th Cir. 1988) (finding that claimant was oriented in all spheres relevant to ability to perform work-

---

17. There is a single mention of the treatment of Listing 12.05 as error in the body of the itemized statement. *Id*. at 8 ("[W]ithout a discussion of Dr. Slotnick's th[o]rough evaluation, the results of his neuropsychological testing, and his opinions, the ALJ's analysis of Listings 12.05 and 12.06 is materially incomplete."). This is not sufficient to raise an issue for the court's consideration. *LaFlamme v. Colvin*, Civil No. 1:14-cv-57-DBH, 2015 WL 519422, at *7 (D. Me. 2015)

related activities), and, in any event, it does not appear that the administrative law judge relied on these observations alone as the basis for rejecting Dr. Slotnick's conclusions. Record at 30-31.

The plaintiff asserts that Dr. Slotnick's findings that she is unable to consider her own needs and interests in relationships, that she adopts a passive and apologetic style characterized by a lack of assertiveness, and that she would benefit from group therapy mean that she would not be able to relate adequately with coworkers and supervisors. Itemized Statement at 14. In this regard, it is important to note that the RFC assigned to the plaintiff by the administrative law judge called for only occasional interaction with coworkers and supervisors. Record at 26. In the absence of any indication that Dr. Slotnick's references to "relationships" include interaction with coworkers and supervisors, as well as any professional or judicial authority linking the specific findings identified by the plaintiff to a conclusion that she could never interact adequately with coworkers or supervisors, her argument would require the administrative law judge, and this court, to interpret raw medical data, which, as I have already noted, neither may do.

As the plaintiff notes, Itemized Statement at 16, the fact that Dr. Slotnick is a specialist is a factor to be considered in weighing his opinions, 20 C.F.R. § 416.927(c)(5), but it is only one of several factors. The opinions of state-agency reviewing professionals, who are familiar with Social Security regulations and practices, may be credited by an administrative law judge over those of an evaluating specialist.[5]  *Parker v. Colvin*, Civil No. 2:13-cv-286-DBH, 2014 WL 3533323, at *3-*4 (D. Me. July 15, 2014). Particularly where, as here, the administrative law judge provides

---

[5] I reject the plaintiff's contention that Dr. Slotnick "should be considered to be more than simply a one-time consultant[,]" because he examined the plaintiff over four days, and his evaluation was "clearly more meaningful and insightful and the opinions of the non-examining DDS psychologists[.]" Itemized Statement at 12. She cites no authority to support this conclusory assertion. She later suggests that Dr. Slotnick's opinions should be considered to be those of a "treating" medical source, *id.* at 16, again without citation to supporting authority. The difference between treating medical sources and consultative examiners is clearly set forth in 20 C.F.R. § 416.927(c)(2). As the plaintiff's attorney conceded at oral argument, Dr. Slotnick was not a treating medical source for the plaintiff.

adequate reasons for rejecting the opinion of the specialist, Record at 29-31, 32-33, remand is not indicated.

### C.  Support for the RFC

As a final basis for remand, the plaintiff asserts that the RFC assigned to her by the administrative law judge was not supported by substantial evidence because Dr. Slotnick's testing and conclusions require a more limited RFC and the opinions of the state-agency psychologists are contrary to the "only 'objective' evidence that exists regarding the Plaintiff's cognitive and emotional functional deficits" and must, therefore, be rejected.  Itemized Statement at 18-19.  From all that appears, this is merely a restatement of the arguments already made by the plaintiff, which I have rejected.

### II.  **Conclusion**

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.


Dated this 17th day of April, 2015.

/s/  John H. Rich III  
John H. Rich III  
United States Magistrate Judge